IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE ROBERTSON, MARY ANN        :
ROBERTSON, SAMUEL ROBERTSON,         :
and MATTHEW ROBERTSON,               :
                                     :
        Plaintiffs,                  :
                                     :
    v.                               :   Civil Action No. 02-1656-JJF
                                     :
HORTON BROTHERS RECOVERY, INC.       :
and RICHARD BAXENDALE,               :
                                     :
        Defendants.                  :

Elwood T. Eveland, Jr., Esquire, The Eveland Law Firm,
Wilmington, Delaware.
Attorney for Plaintiffs.

Horton Brothers Recovery, Inc., Pro Se Defendant.

**MEMORANDUM OPINION**

October  10 , 2006

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion For Judgment As A Matter Of Law. (D.I. 85). By this Motion, Plaintiff requests the imposition of sanctions against Defendant Horton Brothers Recovery, Inc. ("Horton Brothers") for its non-compliance with the pre-trial process, and also requests judgment as a matter of law as to liability on each count of the Complaint and as to damages for violations of 15 U.S.C. §§ 1692, et seq. For the following reasons, this Motion will be granted.

## I. BACKGROUND

This lawsuit arises from the events surrounding the attempted repossession of a car owned by Plaintiff Stephanie Robertson. On March 20, 2002, Ms. Robertson purchased the car from Reasonable Rides, Inc. Shortly thereafter, the engine of the vehicle failed, rendering it inoperable. Plaintiffs allege that Ms. Robertson informed Reasonable Rides that she would not continue to make scheduled payments on the vehicle until it was repaired, and that the vehicle was located at a local car dealership. Plaintiffs allege that on June 4, 2002, and during the week following, Defendant Richard Baxendale, representing Defendant Horton Brothers Recovery, Inc. ("Horton Brothers"), harassed the Robertson family in an attempt to repossess the vehicle, despite a call from Reasonable Rides to Horton Brothers rescinding the repossession request. At the time of the events

2

at issue, Ms. Robertson resided with her parents, Plaintiffs Mary Ann Robertson and Samuel Robertson, and her brother, Plaintiff Matthew Robertson.

On November 26, 2002, Plaintiffs filed their complaint, which contains 6 counts: Count I - Violation of the Fair Debt Collection Practices Act; Count II - Violation of the Uniform Commercial Code; Count III - Trespass, Assault, and Invasion of Privacy; Count IV - Negligence; and Count V - Defamation; Count VI - Intentional Infliction of Emotional Distress.

Throughout this litigation, Horton Brothers has failed to appear at court hearings. In April 2005, representatives of Horton Brothers failed to appear at their scheduled depositions. The Court held Show Cause hearings to determine whether Horton Brothers should be held in civil contempt because of the failure to appear. (D.I. 58, 59). The representatives provided satisfactory explanations, so the Orders to Show Cause were retired. (D.I. 63). On July 27, 2005, Horton Brothers did not attend a status conference held by the Court. On January 9, 2006, Plaintiffs' counsel wrote to the Court explaining that mediation could not be pursued because Horton Brothers had made no efforts to cooperate with the Magistrate Judge. On March 2, 2006, Horton Brothers failed to appear at another status conference held by the Court. Finally, on June 8, 2006, Horton Brothers failed to appear at the parties' pre-trial conference.

3

Subsequently, Plaintiff was granted permission to request judgment as a matter of law. Horton Brothers failed to file any answer to the Motion.

## II. Discussion

### A. Sanctions For Failing to Obey A Scheduling Or Pretrial Order

Plaintiff contends that sanctions should be imposed barring Horton Brothers from supporting the denials and defenses raised in its Answer due to Horton Brothers' continued failure to appear at hearings. The Court agrees.

Federal Rule of Civil Procedure 16(f) authorizes the Court to impose sanctions upon a party for its failure to appear at a scheduling or pre-trial conference. Fed. R. Civ. P. 16(f). The Court, by motion or sua sponte, may "make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D)." Id. One permitted sanction is to refuse to allow the non-compliant party to support or oppose designated claims or defenses. Fed. R. Civ. P. 37(b)(2)(B). The Court must balance six factors when assessing the propriety of sanctions: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

4

alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court shall also order the party or that party's attorney to pay those reasonable expenses incurred because of its noncompliance. Fed. R. Civ. P. 16(f).

In reviewing the pattern of Horton Brothers's behavior before the Court, the Court concludes that sanctions are warranted. On at least four occasions, Horton Brothers has failed to appear at court proceedings. Moreover, Horton Brothers has failed to take any action regarding mediation, case management or responding to pleadings. Horton Brothers has been repeatedly warned about the consequences of failing to participate in the pretrial process and has still failed to cooperate. The Court can only construe this conduct as willful noncompliance. Further, because it is voluntarily proceeding without counsel,[1] responsibility for this non-compliance lies with Horton Brothers.

Of the sanctions available under Rule 16(f), the Court finds that disallowing support for denials and defenses is the most appropriate sanction. Striking pleadings would be ineffective, because the Answer (D.I. 5) is the only pleading to strike.

---

[1] Horton Brothers terminated its counsel on December 22, 2003 and has ignored two different court orders to retain counsel. The Court ordered Horton Brothers to retain counsel by January 26, 2004, which was then extended to March 9, 2004. To this day, Horton Brothers has not retained new counsel.

Further, Horton Brothers' continuing indifference toward this litigation clearly demonstrates the futility of suspending the proceedings awaiting compliance. Finally, Horton Brothers has offered no defense for its failure to participate in this litigation.

Horton Brothers' pattern of dilatory behavior, coupled with its failure to appear at any proceedings for over a year, has adversely affected Plaintiffs, for whom relief has repeatedly been delayed. Therefore, the Court concludes that the Poulis factors weigh in favor of imposing sanctions and denying Horton Brothers the opportunity to support any denials or defenses raised in its Answer (D.I. 5).

### B. Judgment As A Matter Of Law

A court may grant judgment as a matter of law when "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a party that has been fully heard] on that issue." Fed. R. Civ. P. 50(a). In assessing the sufficiency of the evidence, a court must review all of the evidence in the record, viewing it in the light most favorable to the non-moving party and giving the non-moving party the benefit of all fair and reasonable inferences that could be drawn from it. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

Having concluded that Horton Brothers may not support any denials or defenses raised in its responsive pleadings, the Court

6

must now decide whether the evidence is sufficient to support Plaintiffs' claims against Horton Brothers. Viewing all of the evidence in the light most favorable to Horton Brothers, the Court concludes that Plaintiffs' claims against Horton Brothers are supported by the record. Further, the record offers no legally sufficient evidentiary basis to find in favor of Horton Brothers. Thus, Plaintiffs are entitled to judgment as a matter of law.

## III. CONCLUSION

For the reasons discussed, the Court concludes that sanctions will be imposed denying Horton Brothers the opportunity to support any denials or defenses raised in its responsive pleadings. As a result of these sanctions, Plaintiffs are entitled to judgment as a matter of law against Defendant Horton Brothers as to liability on each count of Plaintiffs' Complaint. Plaintiffs are also entitled to judgment as a matter of law against Defendant Horton Brothers as to damages for violations of violations of 15 U.S.C. §§ 1692, et seq. Therefore, Plaintiff's Motion For Judgment As A Matter Of Law (D.I. 85) is granted. A hearing will be scheduled to assess damages.

An appropriate Order will be entered.